# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE, SOUTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 07-10462 |
| CHAD EDWIN SPURGEON, ) | |
| ) | CHAPTER 13 |
| Debtor. ) | |

## BRIEF IN SUPPORT OF OBJECTION TO CONFIRMATION

Comes now, ALICIA LYNN JACKSON, of 94 Lark Spur Drive, Rock Spring, Georgia 30739 ("Objector"), and files this Brief in Support of Objection to Confirmation of the Chapter 13 Plan of CHAD EDWIN SPURGEON, her former husband.

1. CHAD EDWIN SPURGEON, Debtor, filed for Chapter 13 bankruptcy protection on February 2, 2007, in the United States Bankruptcy Court, Eastern District of Tennessee at Chattanooga, Case No. 07-10462.

2. Objector was divorced from the Debtor by a Final Decree of the Jackson County, Alabama Circuit Court on January 3, 2006, to which the Agreement of the parties was attached and incorporated by reference (Exhibit 1). The Agreement provided in pertinent part:

> 2 a. The parties owns (sic) a 1996 16 x 80 mobile home. Said mobile home is financed with Green Tree Finance in the name of both parties. The Defendant [Chad Edwin Spurgeon] shall be awarded this mobile home and shall be responsible for any indebtedness on the same.. . .
>
> 3. b. Each party shall be responsible for any debt which is listed solely in their name and shall be responsible for any debt they created since the date of separation.

3.	On January 31, 2007, Objector filed a Summons, Petition to Modify Petition for Contempt, and Child Support Information in the Circuit Court of Jackson County, Alabama, with service by certified mail to Debtor (Exhibit B).  Exhibit B alleges in pertinent part:

> That in said final decree, the Defendant was awarded the mobile home owned by the parties and was directed to refinance said mobile home to have the Plaintiff's name removed as a responsible party on the indebtedness....  That although the final decree of divorce directed the Defendant to refinance the marital mobile home, the Defendant has refused to do so.  The Defendant has further threatened the Plaintiff with filing bankruptcy and/or ceasing to make payments.  The actions of the Defendant are in contumacious contempt of the final decree of divorce.

4.	Objector would show that the understanding of the parties with regard to the Green Tree Finance obligation is as set forth above and that the same constitutes a "domestic support obligation" as defined in 11 U.S.C. § 101(14A) which Debtor is mandatorily required to pay pursuant to 11 U.S.C. § 1325(a)(8).

5.	11 U.S.C. § 101(14A) defines "domestic support obligation" as follows:

> **(14A)** The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is —
>
>     (A)	owed to or recoverable by –
>
>         (i)	a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>
>         (ii)	a governmental unit;
>
>     (B)	in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child or the debtor or such child's parent, without regard to whether such debt is expressly so designated;

   (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of

     (i) a separation agreement, divorce decree or property settlement agreement;

     (ii) an order of a court of record; or

     (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

   (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

6. Title 11, U.S.C., Section 1325(a) states mandatorily requirements for confirmation:

   (8) the debtor has paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation;

7. In *In re Tracy*, 2007 Bankr. LEXIS 360 (Bankr. D. Idaho 2007), the court quoted 11 U.S.C. § 523(a)(15) with regard to dischargeability of debts in Chapter 7:

> A chapter 7 discharge will not relieve an individual debtor of responsibility for any debt owed:
>
> to a spouse, former spouse, or child of the debtor and [*5] not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

Judge Pappas continued by quoting Collier on Bankruptcy:

> *Section 523(a)(15)* now provides, unqualifiedly, that a property settlement obligation encompassed by *section 523(a)(15)* is nondischargeable. Thus, in individual cases under chapters 7 and 11 and in cases under chapter 12, all of which base dischargeability on the subsections of *section 523(a)*, the distinction between a domestic support obligation and other types of obligations arising out of a marital relationship is of no practical consequence in determining the dischargeability of the debt.

8.     After the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), confirmation of a plan is allowed only if a debtor has paid domestic support obligations that become payable post-petition. *In re Reid,* 2006 Bankr. LEXIS 1642 (Bankr. M.D.N.C. 2006).[1]

9.     Determination of what constitutes a "domestic support obligation" is a fact question requiring an evidentiary hearing, especially with regard to the requirement that Objector's **name** be removed from the Green Tree Finance obligation so as to insulate her from liability. *In re O'Brien*, 339 B.R. 529 (Bankr. D. Mass. 2006).

WHEREFORE, Objector prays that this cause come on for evidentiary hearing as to whether Debtor's obligations to Objector under the Final Decree of divorce made Exhibit A hereto constitute a "domestic support obligation" as defined in 11 U.S.C. § 101(14A) which Debtor is mandatorily required to pay pursuant to 11 U.S.C. § 1325(a)(8).

                                      Respectfully submitted,
                                      **WEEMS & RONAN**
                                      By:     /s/ Kyle R. Weems
                                              Kyle R. Weems, TN BPR #001010
                                              5312 Ringgold Road, Suite 203
                                              Chattanooga, Tennessee 37412
                                              (423) 624-1000
                                              (423) 624-5656 (facsimile)
                                              weemslaw@earthlink.net

---

[1] Green Tree Finance has obtained the lifting of the automatic stay so as to pursue Objector as a co-debtor on its obligation. Allowance of this action by Debtor violates 11 U.S.C. § 1325.

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that this Brief has been sent by electronic mail on April 7, 2007, to those shown on the Notice of Electronic Filing receipt issued by the Clerk of Court and by placing a copy of the same in the United States First Class Mail with sufficient postage affixed thereto to insure prompt delivery to the following:

| | |
|---|---|
| C. Kenneth Still | stillecf@ch13cha.com, tn35@ecfcbis.com, Stillecf7@ch13cha.com |
| United States Trustee | Ustpregion08.cn.ecf@usdoj.gov |
| Kenneth C. Rannick | rannick@bankruptcychattanooga.com |

Lisa Jackson
94 Lark Spur Drive
Rock Spring, Georgia 30739

Dana Grimes, Esquire
P.O. Box 680988
Fort Payne, Alabama 35968

                                                                        /s/   Kyle R. Weems
                                                                        Kyle R. Weems